Khalial Withen
Kevin Dougherty
2501 Commercial Drive
Anchorage, AK 99501
Ph: (907) 276-1640
Fax: (907) 274-7289
kwithen@alaskalaborers.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| Laborers' International Union of North America, Local 341, | ) ) ) | COMPLAINT TO COMPEL ARBITRATION |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 3:19-cv-00221-TMB |
| Main Building Maintenance, Inc., | ) ) ) | |
| Defendant | ) ) ) | |

Laborers' International Union of North America, Local 341, a labor organization representing employees of Main Building Maintenance, Inc., brings this action pursuant to section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 185, to compel Main Building Maintenance, Inc., to arbitrate a dispute in connection with the interpretation and application of the parties' collective bargaining agreement.

*Laborers' Int'l Union of North America, Local 341 vs. Main Building Maintenance, Inc.*
Complaint to Compel Arbitration
Page 1 of 8

Case 3:19-cv-00221-TMB   Document 1   Filed 08/13/19   Page 1 of 8

ALASKA DISTRICT COUNCIL OF LABORERS
2501 COMMERCIAL DRIVE
ANCHORAGE, AK 99501
(907) 276-1640

1.       This Complaint involves a violation of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting interstate commerce.  This Court has jurisdiction over the Complaint under section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185(c), and 28 U.S.C. § 1331.

**VENUE**

2.       Venue is appropriate within the District of Alaska under 28 U.S.C. § 1391 and 29 U.S.C. § 185(a) as the Plaintiff has its principal office in the state of Alaska, the collective bargaining agreement at issue applies to "conditions of employment to be observed" between the Union and Main Building Maintenance, Inc., in the state of Alaska, and the grievance involves a person's employment in Alaska.  Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred in Alaska.

**PARTIES**

3.       Plaintiff, the Laborers' International Union of North America, Local 341 ("Local 341" or "Union"), is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and § 2(5) of the National Labor Relations Act (the "NLRA") 29 U.S.C. § 152(5).

4.       Plaintiff's principal office is located at 2501 Commercial Drive, Anchorage, Alaska 99501.

*Laborers' Int'l Union of North America, Local 341 vs. Main Building Maintenance, Inc.*
Complaint to Compel Arbitration
Page 2 of 8

Case 3:19-cv-00221-TMB   Document 1   Filed 08/13/19   Page 2 of 8

ALASKA DISTRICT COUNCIL OF LABORERS
2501 COMMERCIAL DRIVE
ANCHORAGE, AK 99501
(907) 276-1640

5.    Plaintiff is the exclusive bargaining representative for persons employed by the Defendant on the project to perform hospital housekeeping services at Joint Base Elmendorf-Richardson in Alaska.

6.    Defendant, Main Building Maintenance, Inc. ("MBM" or "Employer"), is a private corporation that provides housekeeping services in the state of Alaska and is an employer in an industry affecting commerce within the meaning of Sections 2(6) of the NLRA and 301 of the LMRA, 29 U.S.C. §§ 152(6) and 185.

## FACTS

### The Collective Bargaining Agreement

7.    Local 341 and MBM are parties to a collective bargaining agreement (the "Agreement") that is in effect from November 1, 2018, through November 14, 2022. The Agreement governs the terms and conditions of employment of a bargaining unit consisting of certain individuals employed by MBM. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

8.    The Agreement provides that all disputes in connection with the interpretation or application of the terms of this agreement must be resolved according to the grievance and arbitration procedure. Exhibit 1 at 8.

9.    The Agreement states that "all disputes, complaints or grievances, in connection with the interpretation or application of the terms of this Agreement" must be resolved according to the binding procedure in Article IX of the Agreement. *Id.*

*Laborers' Int'l Union of North America, Local 341 vs. Main Building Maintenance, Inc.*
Complaint to Compel Arbitration
Page 3 of 8

ALASKA DISTRICT COUNCIL OF LABORERS
2501 COMMERCIAL DRIVE
ANCHORAGE, AK 99501
(907) 276-1640

10.    Section 1 of Article IX provides, "If no satisfactory settlement is arrived at by these parties within ten (10) working days, either party may . . . refer the matter to Step Three, Arbitration." *Id.*

11.    Section 1 of Article IX further states, "The decision of the Arbitrator shall be final and binding upon both parties." *Id.*

12.    The Agreement contains provisions in Articles X and XXVI governing "Seniority" and the "Hiring of Employees."

## Grievance

13.    On April 1, 2019, Main Building Maintenance, Inc., began performance of a service contract involving hospital housekeeping on Joint Base Elmendorf-Richardson in Anchorage, Alaska. *See* Exhibit 2; Exhibit 3 at 1.

14.    Employee Simaika Tagaloa had been employed by predecessor contractors on the hospital housekeeping project for approximately 14 years. Exhibit 2.

15.    Tagaloa also served as the single Union Steward for the bargaining unit of employees performing hospital housekeeping services. *Id.*

16.    On April 1, 2019, the first day of MBM performance, MBM informed Tagaloa that his employment on the housekeeping project would not be continued. *Id.*; Exhibit 3 at 2.

17.    Of the approximately 31 employees of the predecessor contractor, Union Steward Tagaloa was the single employee who was notified by MBM on or around April 1, 2019, that he had lost employment on the hospital housekeeping project. Another

ALASKA DISTRICT COUNCIL OF LABORERS
250 COMMERCIAL DRIVE
ANCHORAGE, AK 99501
(907) 276-1640

*Laborers' Int'l Union of North America, Local 341 vs. Main Building Maintenance, Inc.*
Complaint to Compel Arbitration
Page 4 of 8

employee voluntarily decided to cease working on the project around the time of the transition between contractors.

18. There is a factual dispute as to whether MBM first hired Tagaloa and subsequently terminated his employment or whether MBM declined to hire Tagaloa. Resolution of this factual dispute is a matter for an arbitrator. Exhibit 2; Exhibit 3.

19. On April 5, 2019, the Union initiated the grievance concerning MBM's employment actions involving Tagaloa by meeting with the Employer's manager and subsequently filing a written grievance. Exhibit 2.

20. During the grievance process, the Union asserted a series of contractual violations, including but not limited to the following: Article VI, section 4 (union representation); Article VIII (progressive discipline and just cause); Article X, section 1 (seniority); Article XV (show up and reporting time); Article XXVI, sections 2 and 3 (hiring of employees); and Article XXXII (invalidity provision). *Id.*

21. Given that the Agreement incorporates federal law in multiple provisions, including Articles XXVIII and XXXII, the Union also cited Executive Order 13495 on the Nondisplacement of Qualified Workers Under Service Contracts in the grievance process. *Id.*; *see also* Exhibit 1 at 17, 18.

22. Based on MBM's actions, the Union argued during the grievance process that MBM had violated the Agreement by failing to consider seniority properly in its hiring decision, in violation of Article XXVI, section 3. The Union further asserted that

ALASKA DISTRICT COUNCIL OF LABORERS
250 COMMERCIAL DRIVE
ANCHORAGE, AK 99501
(907) 276-1640

*Laborers' Int'l Union of North America, Local 341 vs. Main Building Maintenance, Inc.*
Complaint to Compel Arbitration
Page 5 of 8

MBM violated the provisions of the Agreement governing just cause for discipline. Exhibit 2.

23.     Article XXVI, section 3, expressly incorporates seniority into the hiring of employees, providing:

> When the Employer is awarded a new service contract in a location where the Laborers' International Union already represents employees through a prior collective bargaining agreement with the predecessor contractor, the Employer signatory to this Agreement agrees to retain the necessary number of employees of the predecessor contractor required for Service Contract performance, Article X, Seniority, shall be applicable in the above.

Exhibit 1 at 16.

24.     Article X, section 1, states in part that "The Employer recognizes seniority . . . as an important factor to be considered by it." Exhibit 1 at 8.

25.     Article XXVI, section 2, is another provision of the collective bargaining agreement that expressly governs the hiring process. This provision states, "Selection of applicants for referral to or for employment on jobs, shall be on a non-discriminatory basis and shall not be based on, or in any way affected by Union membership . . . or any other obligation or aspect of Union membership, policies or requirements." Exhibit 1 at 16. The Union grieved this provision given that, aside from the employee who quit working on the project, Union Steward Tagaloa was the single individual who lost employment at MBM around April 1, 2019, when MBM began performance on the hospital housekeeping project on the military base.

26.     MBM participated in the grievance process and responded substantively to the Union's contractual claims. Exhibit 3; *see also* Exhibit 4. By participating in the

ALASKA DISTRICT COUNCIL OF LABORERS
2501 COMMERCIAL DRIVE
ANCHORAGE, AK 99501
(907) 276-1640

grievance process without raising the question of arbitrability, MBM waived its claim that the dispute is not covered by Article IX of the collective bargaining agreement.

27.     On May 13, 14, and 16, 2019, after proceeding through the grievance steps in the grievance procedure, the Union provided notices to MBM that it was submitting the grievance to arbitration.  Exhibit 4.

28.     On May 30, 2019, counsel for MBM stated that "MBM will neither select an arbitrator nor participate in the proposed arbitration."  Exhibit 5.

29.     On June 4, 2019, Local 341 demanded that MBM submit to arbitration consistent with the Agreement.  Exhibit 6.

30.     On July 11, 2019, Local 341 repeated its demand for arbitration on the grievance involving Tagaloa's employment.   Exhibit 7.

31.     On July 19, 2019, Local 341 notified MBM that, if it did not proceed to arbitrate the grievance by close of business on July 26, 2019, the Union would file a suit to compel arbitration.  Exhibit 8.

32.     Counsel for MBM responded on July 22, 2019, stating "MBM will not agree to arbitrate his alleged claim."  Exhibit 9.

## CLAIM FOR RELIEF

33.     The Union realleges paragraphs 1 through 32 above.

34.     Main Building Maintenance has violated the collective bargaining agreement by refusing to advance the grievance to arbitration.  MBM's express refusal to arbitrate constitutes a violation of Section 301 of the LMRA, 29 U.S.C. § 185.

*Laborers' Int'l Union of North America, Local 341 vs. Main Building Maintenance, Inc.*
Complaint to Compel Arbitration
Page 7 of 8

ALASKA DISTRICT COUNCIL OF LABORERS
2501 COMMERCIAL DRIVE
ANCHORAGE, AK  99501
(907) 276-1640

35.     Article IX, section 1, of the collective bargaining agreement provides that all disputes in connection with the Agreement must be resolved according to the grievance and arbitration procedure.

36.     Whether the Union's interpretation of the collective bargaining agreement is correct can only be resolved through the dispute resolution procedure including arbitration, a procedure to which MBM is contractually bound.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Local 341 demands judgment as follows:

1.     That the Court issue an Order compelling the arbitration without delay of all claims in the grievance before a mutually selected arbitrator in accordance with the grievance and arbitration procedure in Article IX of the collective bargaining agreement.

2.     Award the Union reasonable attorney's fees and all expenses and costs incurred in bringing this action.

3.     That the Court grant any other relief in favor of Local 341 that it deems just and proper.

Respectfully submitted this 9th day of August, 2019.

/s/ Khalial Withen
Khalial Withen
Alaska Bar No. 1311092
Kevin Dougherty
Alaska Bar No. 8111086
2501 Commercial Drive
Anchorage, AK  99501
Ph:  (907) 276-1640
Fax:  (907) 274-7289
kwithen@alaskalaborers.com

*Laborers' Int'l Union of North America, Local 341 vs. Main Building Maintenance, Inc.*
Complaint to Compel Arbitration
Page 8 of 8
Case 3:19-cv-00221-TMB   Document 1   Filed 08/13/19   Page 8 of 8

ALASKA DISTRICT COUNCIL OF LABORERS
2501 COMMERCIAL DRIVE
ANCHORAGE, AK  99501
(907) 276-1640