Rebecca A. Lindemann
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
rlindemann@richmondquinn.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 341,<br><br>Plaintiff,<br><br>v.<br><br>MAIN BUILDING MAINTENANCE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:19-cv-00221-TMB<br>)<br>)<br>)<br>)<br>) |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant Main Building Maintenance, Inc. hereby files this Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and would respectfully show the following:

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 1 of 10
Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 1 of 10

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

# I. INTRODUCTION

1. On August 13, 2019, Plaintiff filed this action under 29 U.S.C. § 185 seeking to compel arbitration pursuant to a Collective Bargaining Agreement ("**CBA**") for an alleged dispute between one its members, Simaika Tagaloa, and the defendant, Main Building Maintenance, Inc. ("**MBM**"). *See* Dkt. 1.

2. The complaint should be dismissed with prejudice on any of the following, alternative grounds: (i) Section 185 confers jurisdiction for disputes involving employees, and Tagaloa was never an employee of MBM; (ii) the CBA only applies to employees of MBM, and Tagaloa was never an employee of MBM; (iii) as a nondisplaced worker—not an employee—Tagaloa's grievance is subject to the jurisdiction of the United States Department of Labor's Wage and Hour Division, where Tagaloa must first exhaust his administrative remedies; and (iv) on October 31, 2019, President Trump revoked the Executive Order giving rise to Tagaloa's complaint and terminated all pending proceedings based thereon, thereby rendering Plaintiff's complaint moot.

3. Accordingly, for any one of these reasons, Defendant respectfully requests that the Court grant this motion and dismiss the complaint with prejudice for lack of jurisdiction and/or for failure to state a claim upon which relief can be granted.
LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 2 of 10

Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 2 of 10

## II. BACKGROUND

4. Tagaloa was employed by NMI Alaska, Inc. ("**NMI**") at the Joint Base Elmendorf-Richardson in Anchorage, Alaska. Dkt. 1 ¶14. NMI's contract at the joint base terminated on March 31, 2019. *See* Dkt. 1-3, p. 2.

5. On April 1, 2019, MBM became the successor contractor at the base. *Id.* ¶13.

6. MBM did not offer employment to Tagaloa. *Id.* ¶¶16-17. Based on this decision, Tagaloa submitted various grievances. *Id.* ¶¶19, 27-32, Exs. 2-9.

7. First, on or about May 16, 2019, Plaintiff filed a complaint with the Alaska State Commission for Human Rights alleging discrimination (the "**Alaska Proceeding**"). A true and correct copy of correspondence from the commission to MBM, enclosing Tagaloa's complaint, is attached hereto as **Exhibit A**.[1] On October 31, 2019, the commission summarily dismissed Tagaloa's complaint. A true and correct copy of the commission's determination is attached hereto as **Exhibit B**. In finding that MBM did not discriminate against Tagaloa, the commission also found that—importantly—Tagaloa was never offered employment by MBM. *See id.*

8. Second, in or around June of 2019, Plaintiff filed a complaint with the United

---

[1] It is proper for the Court to consider Exhibits A-E in ruling on this motion to dismiss. *See* Fed. R. Evid. 201; *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015) (courts may consider materials incorporated into complaint, matters of public record, or documents whose contents are alleged in the complaint and whose authenticity no party questions).

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 3 of 10
Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 3 of 10

States Department of Labor (the "**DOL Proceeding**").  *See* Dkt. 1-7, p. 2; Dkt. 1-8, p.1; Dkt. 1-9, p. 2.  A true and correct copy of a July 30, 2019 letter from the Department of Labor to MBM is attached hereto as **Exhibit C**.  In the DOL Proceeding, Tagaloa claims that MBM violated Executive Order 13495 ("*Nondisplacement of Qualified Workers Under Service Contracts*") by failing to offer him employment—the same complaint lodged here.  *Compare id*. *with* Dkt. #1 ¶21.  The DOL Proceeding remains pending, although likely not for long since, as discussed below, President Trump recently signed Executive Order 13897, revoking Executive Order 13495 and ordering the immediate termination of any investigations or compliance actions based on the revoked order.  True and correct copies of Executive Orders 13495 and 13897 are attached hereto as **Exhibit D** and **Exhibit E**, respectively.

9.  Third, Plaintiff filed this suit on August 13, 2019.  Dkt. 1.  Defendant was served on October 24, 2019.  Accordingly, this motion is timely filed.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).[2]

### III.  ARGUMENT & AUTHORITIES

#### A.  Legal standard for dismissal.

10.  "Federal courts are courts of limited jurisdiction, and it is presumed that such courts lack jurisdiction in a particular case unless the contrary affirmatively appears." *Jensen, v. Locke*, No. 3:08-CV-00286-TMB, 2009 WL 10674336, at *2 (D. Alaska Nov.

---

[2]  Plaintiff has not filed a return of service.

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 4 of 10

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

9, 2009).

11. Pursuant to Rule 12(b)(6), a court may dismiss an action if the factual allegations contained in the complaint fail to state a claim upon which relief can be granted. *Id*. In ruling on a such a motion to dismiss under Rule 12(b)(6), the court must treat all well pleaded facts as true and construe them in the light most favorable to the non-moving party, but it need not accept legal conclusions as true simply because they are cast in the form of factual allegations. *Id*. Dismissal is warranted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id*.

12. Under Rule 12(b)(1), when a motion to dismiss challenges the existence of subject matter jurisdiction, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims. *Id*.

13. Ultimately, the plaintiff bears the burden of establishing subject matter jurisdiction. *Id*.

**B.    Before October 31, 2019, Plaintiff's claims were subject to the jurisdiction of the United States Department of Labor.**

14. By its terms, the CBA governs certain aspects of the relationship between MBM and its employees who are members of Local 341. *See* Dkt. 1, Ex. 1, p. 1. Likewise, jurisdiction under Section 185 is limited to certain disputes between "an employer and a labor organization representing employees." 29 U.S.C. § 185(a), (c).

15. On October 31, 2019, the Alaska Commission on Human Rights issued its

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 5 of 10
Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 5 of 10

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

final determination that Plaintiff *was not hired by Defendant,* and that discrimination did not play a part in that decision. *See* Ex. A. Accordingly, Tagaloa was never an employee of MBM, is not subject to the CBA, and cannot invoke jurisdiction under Section 185.

16. As a nondisplaced worker—not an employee—Tagaloa's grievance, at the time this case was filed, was governed by the now-revoked Executive Order 13495. *See* Dkt. 1 ¶21. Prior to its revocation, this Executive Order—signed by President Barack Obama on January 30, 2009—required successor federal contractors to offer a right of first refusal in jobs to certain displaced employees of a predecessor contract. *See* Ex. D, 74 F.R. 6103, Exec. Order No. 13495, 2009 WL 248083.

17. Remedies for violations of Executive Order 13495 were purely administrative. *See* 74 F.R. 6103, Exec. Order No. 13495 § 6(a), 2009 WL 248083 ("The Secretary of Labor (Secretary) is responsible for investigating and obtaining compliance with this order."). The Executive Order clearly stated that it "creates no rights under the Contract Disputes Act, and disputes regarding the requirement of the contract clause prescribed by section 5 of this order, to the extent permitted by law, shall be disposed of only as provided by the Secretary in regulations issued under this order." *Id.* § 6(b). Likewise, the governing regulations provided that disputes regarding retention of employment "shall be disposed of only as provided by the Secretary of Labor." 29 C.F.R. § 9.1(c). The regulations also specified that judicial review of a dispute arising under Executive Order 13495 is only permitted following issuance of a final, administrative
LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953
Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 6 of 10
Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 6 of 10

ruling on the dispute by the Secretary of Labor. *Id*.

18. Plaintiff has not exhausted administrative remedies nor has he made any such allegation. To the contrary, Plaintiff's own complaint reveals that there is an ongoing administrative proceeding pending before the DOL. There is no allegation that any final order that would be potentially reviewable under the Administrative Procedures Act has been issued, nor is Defendant aware of any such order. Further, as discussed below, President Trump's revocation of Executive Order 13495 should immediately terminate the DOL Proceeding.

19. In *McClellan v. Skytech Enterprises, Ltd.*, the United States District Court for the Eastern District of Oklahoma considered a motion to dismiss in a case with a similar posture. No. CIV-12-2002, 2012 WL 3156861 (E.D. Ok. Aug. 3, 2012). Like here, the plaintiff in *McClellan* alleged that the defendant, a successor contractor, wrongfully decided not to offer him continued employment. *Id*. at *1. Also like here, the plaintiff attempted to invoke the jurisdiction of the Court under 29 U.S.C. § 185. *Id*. The court dismissed the complaint because, among other things, the plaintiff made no showing that he had exhausted his administrative remedies. *Id*. The Court also held that it lacked subject matter jurisdiction because Executive Order 13495 confers exclusive authority to the Department of Labor to hear such disputes. *Id*. at *2. In the absence of a request for judicial review of final agency determination under the APA, which the plaintiff had not received, requested, or alleged, the court held that the plaintiff's complaint was barred. *Id*.

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 7 of 10

Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 7 of 10

20. Section 185, Executive Order 13495 and its governing regulations, and Plaintiff's failure to exhaust administrative remedies all compel dismissal of Plaintiff's complaint for failure to state a claim and/or lack of subject matter jurisdiction.

### C. As of October 31, 2019, Plaintiff has no remedies under Executive Order 13495.

21. Even if Plaintiff could have asserted a proper claim, and even if the Court had jurisdiction, Plaintiff's complaint was recently made moot, depriving this Court of subject matter jurisdiction on this alternative and independent ground.

22. On October 31, 2019, President Donald Trump revoked Executive Order 13495. *See* Ex. E. President Trump's repeal was immediately effective and was also retroactive in that it commanded the Secretary of Labor to "terminate, effective immediately, any investigations or compliance actions based on Executive Order 13495." *Id.* Accordingly, any alleged violations of Executive Order 13495 cannot form the basis of Plaintiff's complaint, nor would any amendment cure this defect. Accordingly, Plaintiff's complaint should be dismissed with prejudice. *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009) ("Federal courts lack jurisdiction to consider moot claims.").

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 8 of 10
Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 8 of 10

## IV. PRAYER

For the forgoing reasons, Defendant Main Building Maintenance, Inc. respectfully requests that the Court grant this motion, dismiss Plaintiff's complaint with prejudice, and for all other relief to which it may be entitled.

DATED this 14th day of November 2019 at Anchorage, Alaska.

RICHMOND & QUINN

By /s/ Rebecca A. Lindemann
Rebecca A. Lindemann
Alaska Bar No. 1309051
360 K Street, Suite 200
Anchorage, AK 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
rlindemann@richmondquinn.com

DAVIS & SANTOS, P.C.

By: /s/ Caroline Newman Small
Caroline Newman Small
State Bar No. 24056037
E-mail: csmall@dslawpc.com
Jay Hulings
State Bar No. 24104573
E-mail: jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5582
Fax: (210) 200-8395

*Counsel for Defendant Main Building Maintenance, Inc. [pro hac vice pending]*

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 9 of 10

Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 9 of 10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of November 2019, a copy of the foregoing was served electronically on the following:

Khalial Withen
Alaska District Council of Laborers
2501 Commercial Drive
Anchorage, AK 99501
Email: kwithen@alaskalaborers.com

/s/ Rebecca A. Lindemann
RICHMOND & QUINN

I:\100\050\PLD\MOTION TO DISMISS.docx

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 10 of 10
Case 3:19-cv-00221-TMB   Document 5   Filed 11/14/19   Page 10 of 10