

**Office of the Governor**

COMMISSION FOR HUMAN RIGHTS

800 A Street, Suite 204
Anchorage, Alaska 99501-3669
Main: 907.274.4692 / 907.276.7474
TTY/TDD: 711 for Alaska Relay
Fax: 907.278.8588

Simaika Tagaloa
7890 Creekside Center Drive, Unit #J2
Anchorage, AK 99504

Ronald Shaw
Shaw Law PLLC
5150 Broadway, Unit 619
San Antonio, TX 78209

      RE:   *Simaika Tagaloa v. Main Building Maintenance*
             ASCHR No. J-19-098
             EEOC No. 38A-2019-00136

## DETERMINATION

Under the authority of AS 18.80.110-.112, the Alaska State Commission for Human Rights has impartially investigated this complaint and now issues the following determination.

This complaint was timely filed in accordance with 6 AAC 30.230. Respondent is subject to the Commission's jurisdiction, and all other jurisdictional requirements have been met.

Complainant alleges that on April 1, 2019, respondent's manager informed him that his employment was being terminated, alleging that he ate breakfast on the clock. Respondent did not terminate other employees not of his race for similar actions.

Respondent denies complainant's allegations. Respondent asserts that complainant was not an employee, and therefore his employment was not terminated. Respondent asserts that the complainant was an employee of a company to which respondent replaced as a federal contractor. Respondent asserts that complainant was not selected to fill its open position as it determined that it needed fewer employees and due to complainant's previous work performance issues as indicated by complainant's supervisor.

Investigation showed that respondent was awarded a contract with the United States Air Force, which was expected to commence on April 1, 2019, in JBER, Alaska. Evidence and testimony showed that respondent contacted the previous contract holder and complainant's employer, NMI Alaska, Inc., to discuss its current employees and to determine which employees would be offered positions of employment as respondent determined it could perform the contract with fewer employees. Investigation showed that each employee was evaluated based on attendance, performance, capability, and seniority. There appears to be a

genuine dispute as to the accuracy of respondent's evaluation of complainant's work performance and attendance. Testimony showed that complainant was not provided with an offer of employment by respondent. Evidence did not show that complainant was employed by respondent at the commencement of its contract on April 1, 2019; however, it did show that respondent provide an offer of employment to an employee of the same race as complainant. Investigation failed to produce evidence that complainant was not offered employment because of his race.

Therefore, having reviewed all evidence of any kind submitted by complainant and respondent, in addition to evidence obtained independently, I find that complainant's allegations are not supported by substantial evidence.

10/31/209
Date

Breanne Lee
Investigator

I approve this determination. The Commission staff will take no further action, and the case is now dismissed.

October 31, 2019
Date

Nanette C. Gay
Acting Executive Director