Rebecca A. Lindemann
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953
rlindemann@richmondquinn.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 341,<br><br>Plaintiff,<br><br>v.<br><br>MAIN BUILDING MAINTENANCE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:19-cv-00221-TMB<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Main Building Maintenance, Inc. ("**MBM**" or "**Defendant**") hereby files this Reply in Support of its Motion to Dismiss, and would respectfully show the following:

### I. INTRODUCTION

Plaintiff's response to Defendant's motion to dismiss makes the following arguments all of which put the proverbial cart before the horse:

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 1 of 8
Case 3:19-cv-00221-TMB   Document 12   Filed 12/17/19   Page 1 of 8

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

First, Plaintiff argues that jurisdiction is proper under Section 301(a) of the Labor Management Relations Act, codified at 29 U.S.C. § 185(a), which governs contract disputes between labor unions and employees, even though Tagaloa was never an MBM employee.

Second, Plaintiff argues that the Collective Bargaining Agreement ("**CBA**") is subject to a mandatory arbitration clause, even though the CBA does not apply to Tagaloa because he was never an MBM employee.

Third, Plaintiff contends that its contractual claims are independent of the recently rescinded Executive Order 13495, overlooking the fact that Tagaloa was never an employee and therefore is not subject to the CBA.

Plaintiff has failed to meet its burden to establish jurisdiction for this matter. Accordingly, for the reasons discussed in this reply and in the motion to dismiss, Defendant respectfully requests that the Court dismiss the complaint with prejudice.

## II. ARGUMENT & AUTHORITIES

**A. Jurisdiction is not proper under Section 301(a) of the Labor Management Relations Act.**

Plaintiff contends that Section 301(a), governing certain disputes between "an employer and a labor organization representing **employees**," 29 U.S.C. § 185(a) (emphasis added), confers jurisdiction for this matter. In support of this argument, Plaintiff cites three cases, all of which are factually distinguishable and none of which are binding on this Court.

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 2 of 8
Case 3:19-cv-00221-TMB   Document 12   Filed 12/17/19   Page 2 of 8

First, the Seventh Circuit in *East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.* did not address jurisdiction under Section 301(a) at all, but instead was faced with the issue of whether a preliminary injunction satisfied the irreparable harm standard under the Norris-LaGuardia Act, 29 U.S.C. § 101. 414 F.3d 700, 702 (7th Cir. 2005). The *Bellon* case is unremarkable because it did not involve nondisplaced workers and sheds no light on the issues presented in this case.

Second, the United States District Court for the Central District of California in the *Int'l Union of Operating Engineers, Local Union No. 12. v. Sim J. Harris Co.*, considered the union's motion to compel arbitration for its grievance alleging a violation of the collective bargaining agreement. No. CV-92-3609, 1992 WL 464126, at *1 (C.D. Cal. Sept. 30, 1992). The similarities between the *Harris* case and this one end there. The *Harris* case did not involve nondisplaced workers, but instead concerned whether the employer's new portable recycling operation fell within the agreement's definition of "work" covered by the same. *Id*. at *1-2. Plaintiff's attempt to analogize *Harris* with the present case as both involving "employer hiring practices" is an oversimplification and fails to account for the jurisdictional implications of Tagaloa's status as a nondisplaced worker, implications that were not present under the facts in *Harris*.

Third, Plaintiff cites to *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, No. 85-4240, 1985 WL 15502 (D.N.J. Jan. 27, 1985) stating that the court compelled arbitration in that case. Absent from Plaintiff's brief is the fact that Third Circuit reversed

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 3 of 8
Case 3:19-cv-00221-TMB   Document 12   Filed 12/17/19   Page 3 of 8

this case on appeal holding that the district court erred by compelling arbitration. *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 868 F.2d 573, 577 (3d Cir. 1989). In any event, the facts of *Foster Wheeler* are inapposite because the case did not involve nondisplaced workers, and instead involved a narrow question of alter-ego liability under 29 U.S.C. § 158(f) governing certain agreements exclusive to the construction industry. 1985 WL 15502, at *2.

Tellingly, Plaintiff has cited no case where jurisdiction was conferred under Section 301(a) for nondisplaced workers such as Tagaloa, and the Court should decline to create new law where none exists.

**B.    The fact that the CBA has an arbitration provision is irrelevant where Tagaloa is not a party to nor covered by the same**.

MBM does not dispute that the CBA contains an arbitration provision or that arbitration is generally looked upon with favor by the Courts. But these facts are not dispositive of the present issue.

Tagaloa was employed by NMI Alaska, Inc. ("**NMI**") at the Joint Base Elmendorf-Richardson in Anchorage, Alaska. Dkt. 1 ¶14. NMI's contract at the joint base terminated on March 31, 2019. *See* Dkt. 1-3, p. 2. On April 1, 2019, MBM became the successor contractor at the base. *Id*. ¶13.[1] MBM did not offer employment to Tagaloa. *Id*. ¶¶16-

---

[1] On the same date, the CBA became effective as between Plaintiff and MBM for the Elmendorf site. *See* **Exhibit A**. Although the Court can properly consider Exhibit A, Exhibit A is not necessary to grant the motion to dismiss. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015) (courts may consider materials

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 4 of 8
Case 3:19-cv-00221-TMB   Document 12   Filed 12/17/19   Page 4 of 8

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

17; *see also* Dkt. 5-2, Ex. B (Alaska State Commission for Human Rights determination finding, among other things, that Tagaloa was never offered employment by MBM).[2]

Having never been an employee of MBM, Tagaloa was not subject to the CBA. Plaintiff's laundry list of alleged CBA violations is of no consequence as such contractual obligations never extended to Tagaloa. Plaintiff may be correct that there is a strong presumption in favor of arbitration, but even still the presumption has never been construed to create contractual privity where none exists.

### C. Executive Order 13495 was the exclusive remedy for Tagaloa's complaints, which are now moot by President Trump's rescission of the order.

As a nondisplaced worker—not an employee—Tagaloa's grievance, at the time this case was filed, was governed by the now-revoked Executive Order 13495. *See* Dkt. 1 ¶21. Remedies for violations of Executive Order 13495 were purely administrative. *See* 74 F.R. 6103, Exec. Order No. 13495 § 6(a), 2009 WL 248083. Regardless of whether Plaintiff exhausted its administrative remedies, Tagaloa's grievance was rendered moot on October 31, 2019, when President Donald Trump revoked Executive Order 13495 and commanded

---

incorporated into complaint, matters of public record, or documents whose contents are alleged in the complaint and whose authenticity no party questions). Plaintiff did not object to Exhibits A thru E attached to MBM's motion to dismiss containing similar correspondence between the parties.

[2] The EEOC recently closed its case based on the Commission's determination. *See* **Exhibit B**. Although the Court can properly consider Exhibit B, Exhibit B is not necessary to grant the motion to dismiss. *See Northstar*, 779 F.3d at 1042. Plaintiff did not object to Exhibits A thru E attached to MBM's motion to dismiss containing similar determinations regarding Tagaloa.

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 5 of 8

the Secretary of Labor to "terminate, effective immediately, any investigations or compliance actions based on Executive Order 13495." *See* Dkt. 5-5, Ex. E.

Plaintiff relies on three cases to support its argument that Tagaloa's contractual claims survive the rescission of Executive Order 13495. First, the *Adams & Assocs. v. NLRB* case, where the Fifth Circuit reviewed a decision of the NLRB under the substantial evidence standard, actually supports MBM's position, not Plaintiff's. 871 F.2d 358, 369 (5th Cir. 2017). First, *Adams* did not involve Section 301(a), the sole basis alleged for jurisdiction by Plaintiff. Second, the court in *Adams* noted that the aggrieved union members were subject to Executive Order 13495, so the fact that they filed their claim with the NLRB supports MBM's position that such remedies were exclusively administrative. Third, the aggrieved members brought certain statutory claims that are not alleged here. *Id*. at 369-70. The *Adams* case provides no support to Plaintiff's argument for jurisdiction under Section 301(a) for its breach of contract claims.

Second, the *Road Sprinkler Fitters Local Union No. 669 v. Grinnell Fire Protection System Co.* case is equally unhelpful. No. H-94-3309, 1997 WL 311498 (D. Md. June 3, 1997). While the court acknowledged that statutory claims based on violations of the NLRA are distinct from claims based on breach of a collective bargaining agreement, the court was not presented with and did not address the question of whether Section 301(a) confers jurisdiction for the latter claims raised by a nondisplaced worker. *Id*. at *1-3. Finally, the Ninth Circuit's decision in *United Food & Comm'l Workers Union v. Alpha*

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 6 of 8
Case 3:19-cv-00221-TMB   Document 12   Filed 12/17/19   Page 6 of 8

*Beta Co.* is inapposite. 736 F.2d 1371 (9th Cir. 1984). The Court in that case was tasked with determining whether an alleged violation of a provision in a collective bargaining agreement requiring the employer to make certain trust fund contributions to its employees was subject to arbitration. *Id*. at 1373-74. Like in the *Harris* case discussed above, the dispute in *Alpha Beta* did not involve the jurisdictional implications raised by Tagaloa's nondisplaced worker status or Executive Order 13495.

### III. PRAYER

For the forgoing reasons, Defendant Main Building Maintenance, Inc. respectfully requests that the Court grant this motion, dismiss Plaintiff's complaint with prejudice, and for all other relief to which it may be entitled.

DATED this 17th day of December 2019 at Anchorage, Alaska.

RICHMOND & QUINN

By /s/ Rebecca A. Lindemann
    Rebecca A. Lindemann
    Alaska Bar No. 1309051
    360 K Street, Suite 200
    Anchorage, AK  99501
    Ph:  (907) 276-5727
    Fax:  (907) 276-2953
    rlindemann@richmondquinn.com

DAVIS & SANTOS, P.C.

By: */s/* Caroline Newman Small
    Caroline Newman Small
    State Bar No. 24056037
    E-mail: *csmall@dslawpc.com*

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 7 of 8
Case 3:19-cv-00221-TMB   Document 12   Filed 12/17/19   Page 7 of 8

Jay Hulings
State Bar No. 24104573
E-mail: *jhulings@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5582
Fax: (210) 200-8395

*Counsel for Defendant Main Building Maintenance, Inc.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of December 2019, a copy of the foregoing was served electronically on the following:

Khalial Withen
Alaska District Council of Laborers
2501 Commercial Drive
Anchorage, AK 99501
Email: kwithen@alaskalaborers.com

/s/ Rebecca A. Lindemann
RICHMOND & QUINN

I:\100\050\PLD\REPLY TO OPPOSITION TO MOTION TO DISMISS.docx

LAW OFFICES
**RICHMOND & QUINN**
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501
TELEPHONE: (907) 276-5727
FACSIMILE: (907) 276-2953

Reply in Support of Defendant's Motion to Dismiss
Laborers' International Union of North America v. Main Building Maintenance, Inc.
Case No. 3:19-cv-00221-TMB
Page 8 of 8
Case 3:19-cv-00221-TMB   Document 12   Filed 12/17/19   Page 8 of 8