IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL 341,

                Plaintiff,

v.

MAIN BUILDING MAINTENANCE, INC.,

                Defendant.

Case No. 3:19-cv-00221-TMB

**ORDER ON DEFENDANT'S MOTION TO DISMISS (DKT. 5)**

## I. INTRODUCTION

The matter comes before the Court on Defendant Main Building Maintenance, Inc.'s ("MBM") Motion to Dismiss (the "Motion").[1] The Motion seeks to dismiss the Complaint[2] filed by Plaintiff Laborers' International Union of North America, Local 341 ("Local 341") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim.[3] The Motion was fully briefed by the Parties.[4] The Parties have not requested oral argument, and the Court finds one would not be helpful. For the reasons stated below, Defendants' Motion is **DENIED**.

---

[1] Dkt. 5 (Motion).

[2] Dkt. 1 (Complaint).

[3] Dkt. 5 at 1–2.

[4] Dkts. 5, 11 (Response), 12 (Reply).

1

## II.  BACKGROUND

The present action concerns the Collective Bargaining Agreement (the "CBA") between the Parties and whether MBM must litigate certain disputes in arbitration.[5] Local 341 is a "labor organization" as defined by 29 U.S.C. §§ 152(5) and 185.[6] MBM is a private corporation that provides housekeeping services in the state of Alaska and an "employer" within the meaning of 29 U.S.C. §§ 152(6) and 185.[7] MBM and Local 341 entered into the CBA effective from November 1, 2018 through November 14, 2022.[8] The CBA provides that all disputes in connection with the interpretation or application of the terms of the CBA must be resolved in binding arbitration.[9]

On April 1, 2019, MBM succeeded a government contract for hospital housekeeping services on the Joint Base Elmendorf-Richardson in Anchorage, Alaska.[10] Simaika Tagaloa was an employee of MBM's predecessor.[11] However, when MBM assumed the contract, it informed Tagaloa that he would no longer work on the project after the transition.[12] Local 341 initiated grievances against MBM for its decisions regarding Tagaloa's employment.[13] Local 341 alleged

---

[5] Dkts. 1 at 3–8; 1-1 (CBA).

[6] Dkt. 1 at 2.

[7] Dkts. 1 at 3; 1-1 at 3.

[8] Dkts. 1 at 3; 1-1 at 3.

[9] Dkt. 1-1 at 8.

[10] Dkt. 1 at 4.

[11] *Id.*

[12] *Id.* at 5. There is a factual dispute as to whether Tagaloa was ever hired by MBM.

[13] *Id.*

that MBM had violated several provisions of the CBA and Executive Order 13495, which, Local 341 argues, had been incorporated into the CBA by reference.[14] Local 341 alleges that MBM participated in the grievance process until Local 341 notified MBM that it was submitting the grievances to arbitration.[15] On May 30, 2019, MBM stated that it would "neither select an arbitrator nor participate in the proposed arbitration."[16] Between June 4, 2019 and July 11, 2019, Local 341 repeated its demand for arbitration twice.[17] Nevertheless, MBM refused to participate in arbitration.[18]

On August 13, 2019, Local 341 filed this action.[19] In its Complaint, Local 341 claims MBM has violated the CBA by refusing to arbitrate Local 341's grievances.[20] Local 341 requests "that the Court issue an Order compelling the arbitration without delay of all claims in the grievance before a mutually selected arbitrator in accordance with the grievance and arbitration procedure in Article IX of the collective bargaining agreement."[21] MBM moved to dismiss Local 341's Complaint on November 14, 2019 under Rules 12(b)(1) and (6).[22]

---

[14] *Id.*

[15] *Id.* at 7.

[16] *Id.*; Dkt. 1-5 (Email From MBM's Counsel).

[17] Dkt. 1 at 7.

[18] *Id.*

[19] Dkt. 1.

[20] *Id.* at 7–8.

[21] *Id.* at 8.

[22] Dkt. 5.

## III. LEGAL STANDARD

*A. Federal Rule of Civil Procedure 12(b)(1)*

MBM has moved to dismiss the Complaint, in part, because it argues the Court lacks subject matter jurisdiction under Rule 12(b)(1). "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, [courts] take the allegations in the plaintiff's complaint as true."[23] "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."[24] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[25] Moreover, a Rule 12(b)(1) jurisdictional attack may be facial or factual, depending on whether the challenger asserts that the complaint, on its face, is insufficient to invoke federal jurisdiction or whether the challenger disputes the truth of the allegations themselves.[26] For a facial attack, "'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'"[27] For a factual attack, the Court may consider evidence outside the pleadings to resolve factual disputes as to jurisdiction.[28] When faced with a challenge to its subject matter jurisdiction

---

[23] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

[24] *Rattlesnake Coal. v. U.S. Envtl. Prot. Agency*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). *See also Alaska v. Kerry*, 972 F. Supp. 2d 1111, 1120 (D. Alaska 2013); *Alaska v. Jewell*, 2014 WL 3778590, 4:13-cv-00034-SLG (D. Alaska July 29, 2014).

[25] *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[26] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 228 F.3d 1214, 1242 (9th Cir. 2000).

[27] *Jensen v. Locke*, No. 3:08-cv-00286-TMB, 2009 WL 10674336, *2 (D. Alaska Nov. 9, 2009) (quoting *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

[28] *See Assoc. of Am. Med. Coll. v. United States*, 217 F .3d 770, 778 (9th Cir. 2000).

under Rule 12(b)(1), the court must resolve that issue before determining whether the complaint states a claim under Rule 12(b)(6).[29]

    *B. Federal Rule of Civil Procedure 12(b)(6).*

MBM also move under Rule 12(b)(6) to dismiss Local 341's Complaint for failure to state a claim upon which relief can be granted.[30] In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief,"[31] and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32] In ruling on a 12(b)(6) motion, the Court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party."[33]

In determining whether a complaint pleads sufficient facts to cross "the line between possibility and plausibility," "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements" do not suffice.[34] However, a plaintiff need not plead "all facts necessary to carry" his or her burden.[35] "Determining whether a complaint states a plausible claim for relief

---

[29] *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

[30] Dkt. 5 at 1.

[31] Fed. R. Civ. P. 8(a)(2).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[33] *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (quoting *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000)).

[34] *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 557).

[35] *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds* 563 U.S. 713 (2011).

. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[36] So long as plaintiffs meet this standard of plausibility, their claim survives a 12(b)(6) motion even if defendants present a similarly plausible description of the disputed events.[37] "A dismissal for failure to state a claim is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[38]

Generally, the court should not consider materials outside of the pleadings when ruling on a motion to dismiss for failure to state a claim.[39] Courts may consider additional materials where the complaint "necessarily relies" on those documents and their authenticity is not disputed.[40]

## IV. DISCUSSION

Local 341 raises a single claim for relief: that the CBA requires MBM to arbitrate Local 341's grievances in binding arbitration.[41] However, MBM argues that Local 341 has not exhausted its administrative remedies and, therefore, the Court does not have subject matter jurisdiction over this case.[42] Additionally, MBM contends that because President Trump revoked Executive Order

---

[36] *Iqbal*, 556 U.S. at 679 (citation omitted).

[37] *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011).

[38] *Arpin*, 261 F.3d at 923 (quoting *Pillsbury, Madison, & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)).

[39] *Id.* at 925 (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).

[40] *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (citations omitted).

[41] Dkt. 1 at 7–8.

[42] Dkt. 5 at 5–8.

13495, the Executive Order cannot form the basis of Local 341's Complaint.[43] Accordingly, MBM argues, the Complaint should be dismissed with prejudice pursuant to Rules 12(b)(1) and (6).[44]

   A. *The Court Has Subject Matter Jurisdiction Pursuant to Section 301(a) of the Labor Management Relations Act.*

Local 341 states that this Court has jurisdiction under Section 301 of the Labor Management Relations Act ("Section 301")[45] and 28 U.S.C. § 1331.[46] Section 301(a) provides that "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." Therefore, according with the plain meaning of the statute, to have jurisdiction under Section 301(a), this Court need only find that: (1) MBM is an "employer," (2) Local 341 is a "labor organization representing employees," and (3) the claim is for a violation of a contract between the two Parties.

MBM does not dispute that it is an "employer" or that Local 341 is a "labor organization" within the meaning of under Section 301(a). However, MBM alleges that Tagaloa was a "nondisplaced worker" and not MBM's employee and, therefore, MBM argues that Local 341 is not a "labor organization representing **employees**."[47] Further, MBM contends that "[Local 341] has cited no case where jurisdiction was conferred under Section 301(a) for nondisplaced workers

---

[43] *Id.* at 8.

[44] *Id.* at 1.

[45] 29 U.S.C. § 185.

[46] Dkt. 1 at 2.

[47] Dkt. 12 at 2–4 (emphasis in original).

7

such as Tagaloa."[48] However, MBM misconstrues the posture of this case. At heart, this is a contract dispute between Local 341 and MBM.[49] Although the subject matter might concern Tagaloa, he is not a party to this action. Therefore, Tagaloa's employment status or whether Tagaloa—a stranger to this action—exhausted his administrative remedies, is irrelevant for the purposes of the Court's jurisdiction over Local 341's claims. Local 341 represents employees, some of whom work for MBM.[50] Local 341, on behalf of the employees it represents, negotiated the CBA with MBM.[51] Now, Local 341, on behalf of the employees it represents, is suing MBM for violations of the CBA.[52] Although the dispute may have arisen from MBM's dealings with an alleged nondisplaced worker, that does not change the fact that Local 341 alleges a violation of the CBA. Therefore, this Court has subject matter jurisdiction to hear this case pursuant to Section 301(a).

Accordingly, MBM's Motion as made under Rule 12(b)(1) is **DENIED**.

---

[48] *Id.* at 4.

[49] Dkt. 1 at 7–8.

[50] *See* Dkt. 1-1. Section § 152, which provides the definition of terms used in Section 301(a), provides:

> The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment . . . .

[51] *See* Dkt. 1-1.

[52] Dkt. 1.

B. *Local 341 Has Sufficiently Stated Its Claim for a Violation of the CBA.*

Local 341 alleges that MBM breached the CBA by failing to submit Local 341's underlying grievance to arbitration.[53] MBM argues that Local 341 has failed to state a claim and dismissal is appropriate pursuant to Rule 12(b)(6).[54] Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[55] Where a complaint seeks to compel arbitration, it may only be dismissed for failure to state a claim where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."[56]

Here, it is undisputed that the CBA is a contract between the Parties. Article IX of the CBA entitled "Grievance Procedure and Arbitration" governs the resolution of disputes arising under the CBA.[57] Section 1 of Article IX provides "[t]he parties to this Agreement, in the interest of resolving all disputes, complaints or grievances, in connection with the interpretation or application of the terms of this Agreement, have settled upon the following orderly and peaceful procedures . . . ."[58]

---

[53] Dkt. 1 at 7–8.

[54] Dkt. 5 at 1.

[55] *Bell Atl. Corp.*, 550 U.S. at 570.

[56] *Serv. Employees Int'l Union v. St. Vincent Med. Ctr.*, 344 F.3d 977, 985 (9th Cir. 2003) (internal quotation omitted).

[57] Dkt. 1-1 at 8.

[58] *Id.*

The CBA goes on to describe a three-step process to resolve disputes concerning the CBA.[59] First, the complaint is taken up with the Shop Steward, who investigates the dispute and reports it to the Union Business Manager.[60] The Union Business Manager then meets with MBM's manager to resolve the dispute.[61] If the dispute is not resolved at Step One, Step Two requires the Union Business Manager to refer the dispute to the General President of the International Union.[62] An International Union Designee and MBM must then meet to resolve the dispute.[63] If the Parties cannot resolve the dispute in Step Two, the General President of the International Union, or his designee, may decide to submit the matter to arbitration under Step Three.[64]

Local 341 alleges in its Complaint that Local 341 initiated the grievance process on April 5, 2019.[65] Local 341 asserts multiple contractual violations of the CBA, including Article VI, section 4; Article VIII; Article X, section 1; Article XV; Article XXVI, sections 2 and 3; and Article XXXII.[66] Additionally, because the CBA allegedly incorporates federal law, Local 341 argues that MBM violated Executive Order 13495.[67] Local 341 alleges that, on May 13, 14, and

---

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] Dkt. 1 at 5.

[66] *Id.*

[67] *Id.*

16, 2019, after proceeding through the grievance steps, it informed MBM that it was submitting the dispute to arbitration.[68]

MBM argues that "the fact that the CBA has an arbitration provision is irrelevant where Tagaloa is not a party to nor covered by the same."[69] The Court disagrees. Regardless of Tagaloa's employment status, the CBA's arbitration clause covers "all disputes, complaints or grievances, in connection with the interpretation or application of the terms of this Agreement."[70] It may be true, as MBM argues, that Tagaloa was not an employee and, therefore, MBM did not breach any provision of the CBA. It may also be true, that because Executive Order 13495 was revoked, MBM's decision not to hire Tagaloa did not violate the CBA. However, it is axiomatic that "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims."[71] Each of the arguments raised by MBM in its Motion and Reply are arguments regarding the merits of Local 341's grievances veiled as arguments contesting the Court's jurisdiction to compel arbitration or the sufficiency of Local 341's pleadings. It is up to the arbitrator to determine whether Tagaloa's employment status or the revocation of Executive Order 13495 impacts the Parties' contractual obligations under the CBA.

Assuming the truth of Local 341's claims, if the Parties are unable to resolve a dispute at Step One or Step Two, Article IX of the CBA directs the Parties to litigate "all disputes, complaints or grievances, in connection with the interpretation or application of the terms of this Agreement"

---

[68] *Id.* at 7.

[69] Dkt. 12 at 4–5.

[70] Dkt. 1-1 at 8.

[71] *AT & T Techs., Inc.*, 475 U.S. at 649.

in binding arbitration.[72] Here, Local 341's grievance relates to MBM's decision not to hire Tagaloa, which Local 341 claims violates multiple provisions of the CBA that expressly relate to hiring decisions.[73] Therefore, it cannot "be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."[74] Local 341 alleges that it followed the dispute resolution procedures set forth in the CBA but asserts that MBM has refused to participate in arbitration under Article IX.[75] Local 341, therefore, has adequately pleaded that the substance of the dispute is arbitrable under the CBA, that the dispute is ripe for arbitration, and that MBM has repudiated its contractual obligation to arbitrate.

Accordingly, MBM's Motion pursuant to Rule 12(b)(6) is **DENIED**.

## V. CONCLUSION

For the forgoing reasons, MBM's Motion at docket 5 is **DENIED**. Pursuant to Rule 12(a)(4)(A), MBM may file its Answer to Local 341's Complaint within fourteen (14) days of this Order's issuance.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 24th day of January, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[72] Dkt. 1-1 at 8.

[73] Dkt. 1 at 4–6.

[74] *Serv. Employees Int'l Union*, 344 F.3d at 985.

[75] Dkt. 1 at 5–7.